UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| BRENNAN LANDY, *individually and on behalf of others similarly situated,* Plaintiff, v. POWERHOME TECHNOLOGIES, LLC; and JASJIT GOTRA, Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 23-241-JJM-PAS |

ORDER

This is a class action alleging that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, by making unsolicited automated calls to Plaintiff and others similarly situated.  The Court certified the class upon Plaintiff Brennan Landy's unopposed motion.  Defendant Jasjit Gotra[1] now files this "Motion to Vacate Class Certification Order Pursuant to Federal Rules of Civil Procedure 60(b) and 23(c)(1)(C), or in the Alternative to Decertify the Class."  ECF No. 31. Mr. Landy opposes that motion and files a "Renewed Motion for Approval of Plan for Disseminating Notice to the Class." ECF No. 33.

---

[1] Power Home Technologies, LLC was also sued but its attorney withdrew and no other attorney entered an appearance.  The Court entered a Clerk's Entry of Default against Power Home Technologies, LLC on April 9, 2026.  Because a corporation cannot represent itself, the only movant in this matter is Mr. Gotra, an individual who appears pro se in this case.

I.    <u>Motion to Vacate Class Certification – ECF No. 31</u>

Mr. Gotra seeks to either vacate the order certifying the class under Fed. R. Civ. P. 60(b), or to vacate the class under Fed. R. Civ. P. 23(c)(1)(C).  The Court will start its analysis under Rule 60(b) by reciting the applicable facts.

*A.  Rule 60(b)*

Mr. Landy filed a Motion for Class Certification on May 7, 2025.  ECF No. 21. Defendants did not respond.  Five months later, the Court granted the motion, and the class was certified on October 10, 2025.  A year after the Motion was filed, and seven months after the order entered certifying the class, Mr. Gotra filed this Motion to vacate the class certification under Rule 60(b).

Rule 60(b) grants federal courts the power to vacate judgments "whenever such action is appropriate to accomplish justice." *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 19 (1st Cir. 1992) (internal citation omitted).  "Rule 60(b) recites six reasons justifying relief from final judgment." *Bouret-Echevarria v. Caribbean Aviation Maint. Corp.*, 784 F.3d 37, 41–42 (1st Cir. 2015).  The two are at issue here are Rules 60(b)(1) and 60(b)(6).

Under Rule 60(b)(1), a district court may vacate a judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  Rule 60(b)(6) provides relief for "any other reason" not otherwise covered by (b)(1)-(5).  Fed. R. Civ. P. 60(b)(6).  While this is a catch-all provision, "clause (6) may not be used as a vehicle for circumventing clauses (1) through (5)." *Cotto v. United States*, 993 F.2d 274, 278 (1st Cir. 1993).  "Where, as here, a party's asserted basis for relief falls squarely

2

within the compass of Rule 60(b)(1), Rule 60(b)(6) is not available." *Rivera-Velazquez v. Hartford Steam Boiler Inspection & Ins. Co.,* 750 F.3d 1, 4 (1st Cir. 2014) (citing *Cotto*, 993 F.2d at 278).

Rule 60(b)(1) only applies to a final judgment or order, not to an interlocutory ruling. *Greene v. Union Mut. Life Ins. Co. of Am.*, 764 F.2d 19, 22 (1st Cir. 1985). Because class certification is an interlocutory order, Mr. Gotra's motion should be "viewed as a routine request for reconsideration of an interlocutory district court decision." *Id.* "Such requests do not necessarily fall within any specific Federal Rule. They rely on 'the inherent power of the rendering district court to afford such relief from interlocutory judgments ... as justice requires.'" *Id.* (citations omitted).

The granting of a motion for reconsideration is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (citing 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." *Id.* (citing *In re Sun Pipe Line Co.*, 831 F.2d 22, 24–25 (1st Cir. 1987)). *Id.* "To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." *Id.* (citing *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n. 2 (1st Cir. 2005)). Defendants have not shown either.

Here, Mr. Gotra relies on his allegation of "attorney abandonment" to advocate that the Court reconsider certifying the class.[2]  He argues that his lawyer's failure to respond to Mr. Landy's motion to certify the class resulting in the granting of the motion was excusable neglect such that the Court should reconsider its decision.  The First Circuit has repeatedly held that "the acts and omissions of counsel are customarily visited upon the client in a civil case. *** We find no justification for departing from the general rule that a defendant is bound by the acts and omissions of his attorney."  *Hoult v. Hoult*, 57 F.3d 1, 5 n.3 (1st Cir. 1995) (citations omitted).

Also, Defendants' counsel moved to withdraw in February 2026, citing "an irremediable breakdown of communication between Counsel and the Clients, it is no longer possible for this firm to effectively represent the Clients, and Defendant Gotra has requested this withdrawal."  ECF No. 23.  Defendants did not oppose the motion, seemingly endorsing the withdrawal from representation.  Mr. Gotra then waited almost three months to file this motion for reconsideration.  Because he has not argued that newly discovered facts change the outcome or that the Court made a manifest error of law, his motion to reconsider or motion to vacate under Rule 60(b) fails.  Moreover, the catch-all in 60(b)(6) does not provide Mr. Gotra with any additional relief.  The Court is hard pressed to find any reason under either the Rule

---

[2] While courts have implied that attorney abandonment may be a reason for granting relief, there is no First Circuit law stating that attorney abandonment is an exception to the general rule stated above.  Nor is there any evidence here of attorney abandonment except for Mr. Gotra's uncorroborated statements.

60(b) standard or common law standard to reconsider its prior order certifying the class.

### B.  Rule 23(c)(1)(C)

Mr. Gotra also moves to decertify the class as it applies to him individually under Fed. R. Civ. P. 23(c)(1)(C), which states that "an order that grants or denies class certification may be altered or amended before final judgment."  Under the Rule 23(c)(1)(C) standard, "decertification may be warranted in light of changes in the law or the discovery of new facts."  *Donovan v. Philip Morris USA, Inc.*, C.A. No. 06-12234-DJC, 2012 WL 957633, at *5 (D. Mass. Mar. 21, 2012).  "Decertifying or redefining the scope of a class is viewed as a 'drastic' step and should only be done where a movant has met their 'heavy burden' of proving the necessity of taking such a step."  *Sheet Metal Workers Loc. No. 20 Welfare & Benefit Fund v. CVS Pharmacy, Inc.*, No. 16-CV-046-JJM-PAS, 2026 WL 657860, at *3 (D.R.I. Mar. 9, 2026) (citing *Donovan*, 2012 WL 957633, at *4)).

Here, Mr. Gotra does not argue that there is any change in circumstances that would cause the Court to reconsider its prior ruling.  Instead, he argues that the "class definition is untethered to the actual facts of [Powerhome Technologies, LLC's] business and Mr. Gotra's role."  ECF No. 31 at 4.  But this is precisely why this case is appropriate for class certification; the record establishes that there are common questions that predominate, the class as defined shares common questions of law and fact, Mr. Landy's claims are typical, and a class action is superior to other methods of adjudication here.  Therefore, Mr. Gotra's motion under Rule 23(c)(1)(C) is denied.

For these reasons, the Court DENIES Mr. Gotra's Motion to Vacate Class Certification Order Pursuant to Federal Rules of Civil Procedure 60(b) and 23(c)(1)(C), or in the Alternative to Decertify the Class.  ECF No. 31.

## II.    Motion to Establish a Notice Plan – ECF No. 33

Mr. Landy has moved this Court to order notice to the class and to order that Defendants pay the cost of the notice.[3]  ECF No. 33.  The Rule[4] provides:

(B) *For (b)(3) Classes.*  For any class certified under Rule 23(b)(3)—or upon ordering notice under Rule 23(e)(1) to a class proposed to be certified for purposes of settlement under Rule 23(b)(3)—the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means.  The notice must clearly and concisely state in plain, easily understood language:
>  (i)    the nature of the action;
>  (ii)   the definition of the class certified;
>  (iii)  the class claims, issues, or defenses;
>  (iv)   that a class member may enter an appearance through an attorney if the member so desires;
>  (v)    that the court will exclude from the class any member who requests exclusion;
>  (vi)   the time and manner for requesting exclusion; and
>  (vii)  the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

It is the Court's responsibility to direct "the best notice that is practicable under the circumstances." *Id.*  Mr. Landy has proposed that the Court order notice by internet and social media, pointing out that records do not exist for individual

---

[3] Mr. Landy previously moved for approval of his notice plan, which the Court granted as unopposed.

[4] Mr. Landy plead this as a Rule 23(b)(2) and 23(b)(3) class.  ECF No. 1 at 5.

notifications, and traditional notice by newspaper publication is cost prohibitive and not as effective. The Court agrees. "[C]lass notice via social media may satisfy Rule 23 as long as it is targeted and the proponent provides details on the 'proposed use and reasoning behind use of a particular social media method as part of a notice plan.'" *Hilsley v. Ocean Spray Cranberries, Inc.*, Case No. 17cv2335-GPC(MDD), 2019 WL 718807, at *3 (S.D. Cal. Feb. 5, 2019) (quoting McLaughlin on Class Action § 5:81 (15th ed. 2018)). Where, as here, the names and addresses of potential class members are not available, notice by publication – specifically over the internet and through social media – is appropriate.

As for who should bear the notice costs, Mr. Landy argues that Defendants should because, while it is typical for a plaintiff to pay for class notice, an exception exists where notice costs should be shifted to a defendant as a sanction for improper conduct.[5] Mr. Landy cites to Defendants' actions, conduct during discovery, failure to maintain records, and failure to respond to pleadings as conduct meriting such a sanction. The Court declines to diverge from the general rule that a plaintiff pays for class notice. Nothing in the record or the caselaw in this Circuit requires a different result. Therefore, the Court GRANTS IN PART and DENIES IN PART Mr. Landy's Renewed Motion for Approval of Plan for Disseminating Notice to the Class. ECF No. 33.

---

[5] Mr. Landy cites California and Illinois caselaw for this exception. The Court can find no First Circuit caselaw discussing this cost shifting due to improper conduct.

## III.  Conclusion

The Court DENIES Mr. Gotra's Motion to Vacate Class Certification.  ECF No. 31.  The Court GRANTS IN PART and DENIES IN PART Mr. Landy's Renewed Motion for Approval of Plan for Disseminating Notice to the Class.  ECF No. 33. Notice shall be made in accordance with Mr. Landy's motion, but he will bear the costs of notice.[6]

IT IS SO ORDERED.

*/s/John J. McConnell, Jr.*

_____

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

July 9, 2026

---

[6] The parties filed several other motions – Mr. Landy filed a Motion to Strike Mr. Gotra's Sur-Reply (ECF No. 39) and Mr. Gotra filed two Motions for Leave to file the Sur-Reply (ECF Nos. 40 and 42).  In light of the outcome of the class certification and notice motions, the Court DENIES Mr. Landy's Motion to Strike (ECF No. 39) and GRANTS Mr. Gotra's Motions to file a Sur-Reply (ECF Nos. 40 and 42).